T.C. Memo. 2009-200

UNITED STATES TAX COURT

ANDREW I. WALZER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30073-07.                 Filed September 8, 2009.

Andrew I. Walzer, pro se.

<u>Jennifer A. Kassabian</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies in
Federal income taxes and additions to tax for petitioner's 2001
and 2002 tax years as follows:

| Year | Deficiency | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2)[1] | Sec. 6654 |
| 2001 | $1,263,403 | $284,265.68 | -- | $50,490.24 |
| 2002 | 1,326,288 | 298,414.80 | -- | 44,320.74 |

[1] The sec. 6651(a)(2) addition to tax is 0.5 percent of the amount of income tax required to be shown on the return commencing on the due date of the return and accruing for each month or fraction thereof during the failure to pay, not exceeding 25 percent in the aggregate.

After concessions by both parties, the issues for decision are:

(1) Whether petitioner is liable for the additions to tax pursuant to section 6651(a)(1)[1] for 2001 and 2002; and (2) whether petitioner is liable for the additions to tax pursuant to section 6654 for 2001 and 2002.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in New York.

During 1996 petitioner began actively trading securities. By 2001 and 2002 petitioner was engaging in day trading, conducting hundreds of trades. During the years in issue petitioner ran a marking supplies business called Glo-Mark.[2]

--------

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Glo-Mark is a company that uses a machine to make a mark
(continued...)

Glo-Mark was a longtime family business that had recently struggled but was still profitable. In May 2001 Glo-Mark was evicted from its factory. After the eviction petitioner moved the Glo-Mark equipment to a house he owned. Despite advice from petitioner's father, who was a retired accountant, to seek an accountant for help with preparing petitioner's tax returns, petitioner did not hire anyone. Petitioner has an MBA degree from New York University.

Petitioner failed to file Federal income tax returns for 2001 and 2002. Additionally, petitioner did not pay any Federal income tax for 2001 or 2002. On November 13, 2006, the Internal Revenue Service prepared substitute returns for petitioner for tax years 2001 and 2002. Petitioner also failed to file a Federal income tax return for 2000.

During 2001 petitioner received gross proceeds from the sale of securities of $3,279,144. The proceeds resulted in a net short-term capital gain for petitioner of $137,451.36, and a net long-term capital loss of $97,128.26. The parties agree that during the years in issue petitioner was not in the trade or business of selling securities and was not entitled to deduct his expenses from the sale of securities on a Schedule C, Profit or Loss From Business. Petitioner also received $15,869 of dividend

---

[2](...continued)
on fabric that glows under black light lamps to mark where buttons and button holes are to go.

income, $220 of interest income, and $62,814.52 of gross proceeds from the sale of marking supplies from his family's business.

During 2002 petitioner received dividend income of $18,578, interest income of $54, and gross proceeds from the sale of securities of $3,483,750. Petitioner had a net short-term capital loss from the sale of securities of $194,374.74 and a net long-term capital loss of $81,606.40.

## OPINION

Generally, the Commissioner's determinations set forth in the notice of deficiency are presumed correct, and the taxpayer bears the burden of showing the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, shifts the burden of proof to the Commissioner with respect to a factual issue affecting the tax liability of a taxpayer who meets certain conditions.

Petitioner has neither claimed nor shown that he satisfiedthe requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue affecting the deficiencies in his taxes. Accordingly, petitioner bears the burden of proof. See Rule 142(a).

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it

is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. Instead, the taxpayer bears the burden of proof with regard to these issues. Higbee v. Commissioner, supra at 446-447.

A.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985). A Federal income tax return made on the basis of a calendar year must be filed on or before April 15 following the close of the calendar year, unless the due date is extended. Sec. 6072(a). The parties have stipulated that petitioner did not file his returns by April 15, 2002, for tax year 2001, and April 15, 2003, for tax year 2002, and that petitioner did not request an extension to file for either year. On November 13, 2006, respondent prepared substitute returns for petitioner for both 2001 and 2002. Accordingly, respondent has met his burden of production on this issue.

Petitioner claimed his failure to file timely for 2001 and 2002 was due to reasonable cause and not willful neglect because he did not know that he had to file returns. During the years in issue petitioner traded securities, trading sometimes two or three times a day.[3] Petitioner testified that in 2001 he had trading gains of approximately $40,000. In addition, petitioner ran Glo-Mark, a longtime family business that, despite being evicted from its factory, still earned a profit. Petitioner testified that he was overwhelmed with the impending eviction and with finding a new place to locate the company's equipment. Petitioner sought advice from his father, a retired accountant. Petitioner's father told petitioner to hire an accountant to aid him in preparing his tax return. Petitioner did not heed his father's advice and made no effort to prepare his tax return for either year in issue. In addition, petitioner has an MBA degree from New York University and is not an unsophisticated taxpayer. Petitioner argues he assumed that he did not have to file tax returns, despite having profits from both Glo-Mark and his personal trading activities.

Petitioner's failure to file was not due to reasonable cause; it was due to willful neglect. Accordingly, we sustain respondent's determination that petitioner is liable for the

---

[3] As previously mentioned, petitioner concedes that he was not in the trade or business of securities trading.

additions to tax pursuant to section 6651(a)(1) for 2001 and 2002.

B.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual".  The amount of the underpayment is the excess of the "required installment" over the amount (if any) of the installment paid on or before the due date of the installment.  Sec. 6654(b)(1).  The amount of the required installment is 25 percent of the required annual payment.  Sec. 6654(d)(1)(A).  The required payment is equal to the lesser of:  (1) 90 percent of the tax shown on the return for that year (or if no return is filed, 90 percent of the tax for that year), or (2) if the individual filed a return for the preceding year, 100 percent of the tax shown on that return.  See Wheeler v. Commissioner, 127 T.C. 200, 211-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  Since petitioner filed no return for 2000 or 2001, the "required annual payment" for each year is 90 percent of the tax for each year in issue.  See sec. 6654(d)(1)(B).  Petitioner has stipulated that he did not pay any tax in 2001 or 2002, much less make any estimated tax payments.  Accordingly, respondent has met his burden of production.

Petitioner offered no credible evidence related to this issue.  No section 6654(e) exception applies.  Accordingly, we sustain respondent's determination that petitioner is liable for

the addition to tax pursuant to section 6654(a) for 2001 and 2002.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.